

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **CHERYL ANN KNIGHT,** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | **CIVIL ACTION NO. 1:11-CV-334-TH** |
| § | |
| **DELTA DOWNS RACETRACK CASINO** § | |
| **AND HOTEL,** § | |
| § | |
| *Defendant.* § | |

# ORDER

Before the Court is *Defendant's Memorandum in Support of Motion to Transfer Venue* [Clerk's Docket No. 3], filed on July 15, 2011. Plaintiff has not filed a response.[1] Having considered the motion and the applicable law, the Court will grant the motion.

## BACKGROUND

Plaintiff, Cheryl Ann Knight, sued Defendant, Delta Downs Racetrack Casino and Hotel ("Delta Downs"), in state court in Orange County, Texas, alleging that she was injured when she fell in a hole in Defendant's parking lot. Defendant removed the case to this Court and now moves the Court to transfer venue to the Western District of Louisiana, Lake Charles Division. Defendant asserts that a transfer is proper because, among other reasons, the accident occurred in the Lake Charles Division, witnesses to the accident live in the Western District of Louisiana, and Louisiana state law governs the controversy.

---

[1] "In the event a party fails to oppose a motion in the manner prescribed [in the Local Rules for the Eastern District of Texas], the court will assume that the party has no opposition." E.D. TEX. LOCAL RULES CV-7(d).

## LAW AND ANALYSIS

In resolving a transfer motion, the Court must first determine whether the claim could have been brought in the transferee court. *Bolt v. Toyota Indus. Corp.*, 351 F. Supp. 2d 597, 599 (E.D. Tex. 2004) (Davis, J.) (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). If so, then "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The convenience determination involves examining several private and public interest factors, none of which are given dispositive weight." *Bolt*, 351 F. Supp. 2d at 599 (listing the factors). The Court also considers the plaintiff's choice of forum, but the plaintiff's choice is not, by itself, determinative. *Id.* at 599-600 (citations omitted).

Federal jurisdiction of this case is based only on diversity of citizenship. Defendant is a citizen of Louisiana and Plaintiff is a citizen of Texas, and no federal question is raised. *See* 28 U.S.C. § 1332(a). In cases "founded only on diversity of citizenship[,]" venue is proper in "a judicial district in which any defendant resided if all defendants resided in the same district" and "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a judicial district in which a substantial part of the property at issue was located." *Id.* § 1391(a). Defendant resides in the Western District of Louisiana, and the events giving rise to Plaintiff's claim occurred within the Western District of Louisiana. Therefore, this case could have been brought in the Western District of Louisiana. *Id.*; *see Bolt*, 351 F. Supp. 2d at 599.

Although Plaintiff chose to bring this case in Orange County, Texas, her venue choice alone is not determinative. *Bolt*, 351 F. Supp. 2d at 599-600. Further, the Court finds that the following private and public factors weigh in favor of transfer: (1) ease of access to sources of proof; (2)

willing witnesses' costs of attendance; (3) local interest in deciding local issues; and (4) the forum's familiarity with governing law. *See id.* at 599. The remaining factors are neutral. Given that the private and public factors weigh in favor of transfer and that Plaintiff's failure to file a response is construed as her having no opposition to transfer, the Court will grant the motion and transfer the case to the Western District of Louisiana, Lake Charles Division.

## ORDER

**IT IS THEREFORE ORDERED** that *Defendant's Memorandum in Support of Motion to Transfer Venue* [Clerk's Docket No. 3] is in all things **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to transfer this case the Western District of Louisiana, Lake Charles Division and to close the case in this court.

**SO ORDERED**.

**SIGNED** this the **16** day of **November, 2011.**

_____
Thad Heartfield
United States District Judge