RECEIVED
IN LAKE CHARLES, LA.
OCT 16 2012
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CHERYL ANN KNIGHT | : | DOCKET NO. 2:11-CV-2124 |
| | | |
| VS. | : | JUDGE MINALDI |
| | | |
| DELTA DOWNS RACETRACK, CASINO AND HOTEL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss Pursuant to Rule 12(b)(6) or Alternative Motion for Summary Judgment Pursuant to Rule 56 [Doc. 20], filed by the defendant, Delta Downs Racetrack Casino and Hotel, a.k.a. Boyd Racing, LLC ("Delta Downs"). The motion is opposed by the plaintiff, Cheryl Ann Knight [Doc. 25]. For the foregoing reasons, the defendant's motion is DENIED.

### BACKGROUND

The plaintiff, Ms. Knight, originally sued the defendant, Delta Downs, in state court in Orange County, Texas on June 17, 2011, alleging that she was injured when she fell into a hole in Delta Downs' parking lot at its racing facility in Vinton, Louisiana, on May 8, 2010.[1] She initially argued in her complaint that venue in Orange County was proper pursuant to Texas's Civil Practice and Remedies Code Section 15.002 because:

---

[1] Pl.'s Compl. at ¶ VII.

1

all or a substantial part of the events giving rise to the Plaintiff's claim occurred in Orange County, Texas [because Delta Downs] widely and strongly advertises its business enterprise . . . in Orange County, Texas. Further, Plaintiff would show that she became aware of and was enticed to visit Defendant's establishment in Orange County, Texas.[2]

Delta Downs then timely removed the case on the basis of diversity jurisdiction to the Eastern District of Texas.[3] Following removal, Delta Downs moved to change venue from the Eastern District of Texas to this court, arguing that this court would be a more convenient forum since Ms. Knight's injury occurred in, and most of the involved parties resided in, this district.[4] The Eastern District of Texas granted the motion, finding that the private and public factors weighed in favor of transferring the case to this court.[5]

Delta Downs has filed this instant Motion to Dismiss or Alternative Motion for Summary Judgment, based on its allegation that Louisiana law governed this action from the start, so the court should apply Louisiana's one-year prescriptive period to the case and dismiss it for failure to file suit within one year.[6] Ms. Knight counters that the suit should not be dismissed, since: (1) she originally properly filed her suit in Texas; (2) while the substantive law of Louisiana may apply, the procedural law of Texas still applies; (3) under Texas procedural law, the applicable

---

[2] *Id.* at ¶ 2.

[3] Not. of Removal, [Doc. 1].

[4] Mot. To Change Venue, [Doc. 3].

[5] Order Granting Mot. To Change Venue, [Doc. 12], pg. 2-3. Notably, the Eastern District of Texas granted the motion pursuant to 28 U.S.C. § 1404(a), which deals with transferring a case from a court in which the plaintiff had initially properly exercised his venue privilege to a more convenient venue. The transfer was not made pursuant to 28 U.S.C. § 1406(a), which deals with transferring a case from a forum in which venue is wrongly or improperly laid to a proper venue.

[6] Def.'s Mot. To Dismiss or Alt. Mot. For Summ. J., [Doc. 20], pg. 2.

statute of limitations is two years; and, (4) she timely filed within two years of her injury, thus making her claims still ripe for review.[7]

## LEGAL STANDARDS

### I. MOTION TO DISMISS UNDER RULE 12(B)(6)

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of a plaintiff's allegations. FED. R. CIV. P. 12(b)(6). When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Gogreve v. Downtown Develop. Dist.*, 426 F. Supp.2d 383, 388 (E.D. La. 2006).

To avoid dismissal under a Rule 12(b)(6) motion, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Accordingly, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

### II. SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of

---

[7] Pl.'s Opp. To Def.'s Mot. To Dismiss or Alt. Mot. For Summ. J., [Doc. 24], pg. 3-4.

material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party…" *Id.*

## LEGAL ANALYSIS

Louisiana's statute of limitations for personal injury suits like the instant case is one year from the date of injury. LA. CIV. CODE ANN. art. 3492. In contrast, in Texas, a plaintiff has two years from the date of injury to bring a personal injury suit. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). Thus, because Ms. Knight brought her personal injury action more than one year but less than two years after her injury, her action lives or dies based on which state's statute of limitations period applies: the state in which she initially filed her action, or the state in which her action now resides.

It is well settled in the Fifth Circuit and elsewhere that "when the defendant in a diversity suit successfully moves for transfer of venue under § 1404(a), the transferee federal court must apply the law and policy of the transferor state." *Cowan v. Ford Motor Co.*, 713 F.2d 100, 104 (5th Cir. 1983) (referencing Supreme Court case *Van Dusen v. Barrack*, 376 U.S. 612 (1964)). In the Supreme Court's *Van Dusen* case, Justice Goldberg discussed at length and explicitly

4

approved the holding in the Tenth Circuit's *Headrick v. Atchison, T & S.F. Ry. Co.*, 182 F.2d 305 (10th Cir. 1950), which addressed which state's statute of limitations should apply to a case filed in one state and then transferred to another state pursuant to § 1404(a). In *Headrick*, the plaintiff, a Missouri citizen, filed suit in a New Mexico state court against the defendant railroad, a Kansas corporation, for injuries he suffered in California by a bus operated by the defendant. *Id.* at 307. The *Headrick* defendant was doing business in and was amenable to process in New Mexico. *Id.* The plaintiff "frankly stated" that his forum choice of New Mexico rested squarely on the fact that he "would not be confronted with the defense of the statute of limitations" in New Mexico. *Id.* at 311.

The *Headrick* defendant then removed the case to federal district court, subsequently moving to have the case dismissed or, in the alternative, transferred to the more convenient forum of California federal district court pursuant to 28 U.S.C. § 1404(a). *Id.* at 307. The district judge then dismissed the action, deciding that transfer would be futile because the case would be barred by the California statute of limitations. *Id.* The Tenth Circuit reversed, holding that the case would remain "a New Mexico case still controlled by the law and policy of that state," thus holding that New Mexico's more generous statute of limitations would still apply after the transfer. *Id.* at 309.

After summarizing and adopting the holding in the *Headrick* case, Justice Goldberg, in the *Van Dusen* opinion, summarized his conclusions on § 1404(a) by holding that

> Of course [cases like *Headrick*] allow plaintiffs to retain whatever advantages may flow from the state laws of the forum they have initially selected. There is nothing, however, in the language or policy of § 1404(a) to justify its use by defendants to defeat the advantages accruing to plaintiffs who have chosen a forum which, although it was inconvenient, was a proper venue. . . . [Section] 1404(a) was not designed to narrow the plaintiff's venue privilege or to defeat the state-law advantages that might accrue from the exercise of this venue privilege but rather the provision was simply to counteract the

5

> inconveniences that flowed from the venue statutes by permitting transfer to a convenient federal court. The legislative history of § 1404(a) certainly does not justify the rather startling conclusion that one might get a change of law as a bonus for a change of venue. Indeed, an interpretation accepting such a rule would go far to frustrate the remedial purposes of § 1404(a). If a change of law were in the offing, the parties might well regard the section primarily as a forum-shopping instrument. And, more importantly, courts would at least be reluctant to grant transfers, despite considerations of convenience, if to do so might conceivably prejudice the claim of a plaintiff who had initially selected a permissible forum.

*Van Dusen*, 376 U.S. at 633-36. (internal citations and quotations omitted).

Taking the rule from *Van Dusen* to heart, the Western District of Louisiana's Judge Nauman Scott, in *Pappion v. Dow Chemical Co.*, 627 F.Supp. 1576 (W.D. La. 1986), found that a diversity wrongful death case originally filed in the Eastern District of Texas and then transferred to the Western District of Louisiana pursuant to 28 U.S.C. § 1404(a) should be examined under Texas's choice of law rules. *Id.* at 1579. Like in the instant case, the parties' dispute centered around whether Texas or Louisiana's statute of limitations would apply to the plaintiff's claims. *Id.* at 1578. Also similar to the instant case, if Louisiana's prescriptive period of one year applied, the plaintiff's claims would be dismissed for want of timely prosecution, but if Texas's two year statute of limitations applied, the claims would survive. *Id.* at 1579. Judge Scott found that while Texas's "most significant relationship" test dictated that Louisiana substantive law should apply,[8] Texas's choice of law rules on procedural law dictated that Texas procedural law should apply. *Id.* Further, Judge Scott noted that since both Texas's statute of limitations and Louisiana's prescriptive period were procedural in nature, this indicated that Texas's statute of limitations applied, therefore keeping the case alive. *Id.*

In the instant case, the undersigned first notes that, as per the reasoning in *Van Dusen*, the

---

[8]The plaintiff's (a Louisiana resident) cause of action originally arose out of personal injuries suffered after he worked at the defendant's Lake Charles, Louisiana plant.

6

forum which Ms. Knight initially chose may have been inconvenient, but it was not improper. Looking to the face of Ms. Knight's complaint, she originally alleged that Orange County, Texas was a proper venue because Delta Downs advertised heavily in Orange County. Courts in this circuit have consistently held that out-of-state gaming facilities which target their bordering neighbors have sufficient minimum contacts in the neighboring state such that they could expect to be haled into court in there. *See, e.g., Grabert v. New Palace Casino, LLC,* No. Civ.A. 03-382, 2003 WL 21999351 (E.D. La. Aug. 20, 2003) (finding that a Mississippi casino's targeted advertisements to citizens of Louisiana allowed Louisiana to exert general jurisdiction over the casino); *Gorman v. Grand Casino of Louisiana, Inc.-Coushatta,* 1 F.Supp. 2d 656 (E.D. La. 1998) (finding that Louisiana casino's systematic and continuous contacts with Texas allowed Texas to exercise general jurisdiction over the casino). Thus, as per the reasoning of *Van Dusen* and *Headrick,* Delta Downs should not be able to effectively dismiss Ms. Knight's case simply because it moved the case from the inconvenient but proper forum of Texas to the more convenient forum of the Western District of Louisiana, pursuant to § 1404(a).

Further, as in *Pappion* and *Headrick*, in which both courts found that the statute of limitations from the transferor state would apply, here, Texas's two-year statute of limitations should also apply. The defendants cite *Marchesani v. Pellerin-Milnor Corp.*, 269 F.3d 481 (5th Cir. 2001) to support their argument that Louisiana's prescriptive period should apply in this case. Looking to *Marchesani*, however, it is clear that it is not determinative of the instant case. The *Marchesani* court adhered to Louisiana choice of law provisions *because the case was originally filed in Louisiana. See id.* Here, the case was originally brought in Texas, and thus for the reasons discussed *supra*, the court must apply Texas choice of law provisions. It follows that Ms. Knight should not be punished for picking a proper initial forum with a more advantageous

statute of limitations, and Delta Downs may not use § 1404(a) as a way to effectively dismiss the case by moving it to a forum with a shorter prescriptive period.

## CONCLUSION

For the reasons stated herein, the defendant's Motion to Dismiss or Alternative Motion for Summary Judgment will be denied.

**Lake Charles, Louisiana, this** 16 **day of** October, 2012.

PATRICIA MINALDI
**UNITED STATES DISTRICT JUDGE**